UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-80372-BLOOM/Reinhart

CAROLYN N. MILLHORN,

    Plaintiff,
v.

FEDERAL BUREAU OF INVESTIGATIONS,

    Defendant.
_____/

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to proceed *in forma pauperis*, ECF No. [3] (the "Motion"). The Court has carefully considered the Motion, any documents submitted therewith, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied and this case is dismissed without prejudice.

**I. LEGAL STANDARD**

Plaintiff, a *pro se* non-prisoner litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). In order to state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). While a complaint "does not need detailed factual allegations," it must provide

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

## II. DISCUSSION

Plaintiff's Amended Complaint states that Plaintiff was intentionally infected with schistosomiasis, that medical centers throughout Illinois have been unable to help her, that a criminal enterprise in Chicago made an attempt on her life, and that the Federal Bureau of Investigation has not assisted her. ECF No. [7] at 4. Plaintiff previously filed a complaint

stemming from the same nucleus of facts which the District Court dismissed as patently frivolous and for failing to state any conceivable cause of action. *See* Case No. 18-cv-80270-DMM.

Here too, Plaintiff's allegations do not state a claim for relief or any basis for exercising federal jurisdiction. Plaintiff's Amended Complaint cites 18 U.S.C § 1964 and 42 U.S.C. § 1983 as the basis for jurisdiction. But the Court cannot exercise federal question jurisdiction based solely on Plaintiff's references to federal statutes. *See Miccosukee Tribe of Indians of Fl. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010) (noting that to satisfy federal question subject matter jurisdiction, a plaintiff's complaint "must claim a right to recover under the Constitution and laws of the United States" and "a mere incantation that the cause of action involves a federal question is not always sufficient" (quoting *Bell v. Hood,* 327 U.S. 678, 681 (1946) and *Murphy v. Inexco Oil Co.,* 611 F.2d 570, 573 (5th Cir. 1980))).

First, the Racketeered Influenced and Corrupt Organization Act creates a civil cause of action for "[a]ny person injured in his business or property by reason of a violation" of the substantive provisions contained in § 1962 of the RICO Act. 18 U.S.C. § 1964(c). The four required elements to state a claim for civil RICO liability are (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000). Under § 1964(c), civil RICO claimants must also demonstrate standing by showing "(1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." *Williams v. Mohawk Indus., Inc.*, 411 F.3d 1252, 1256 (11th Cir. 2005). Here, Plaintiff has failed to plead any facts to support a claim under the federal RICO statute.

Second, to state a claim under § 1983, a plaintiff must plead that he was (1) deprived of a

right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). Plaintiff's Amended Complaint fails to allege facts to support a claim under § 1983.

Accordingly, and under the Court's inherent authority, *see Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) (stating that a district court has the inherent authority to require repleading in accordance with Rules 8(a)(2) and 10(b)), the Court denies Plaintiff's Motion to Proceed *In Forma Pauperis*, and dismisses Plaintiff's Complaint without prejudice.

**III. CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Complaint, **ECF No. [7]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED**.
3. The Clerk shall **CLOSE** the case.
4. To the extent not otherwise disposed of, any pending motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 19, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Case No. 19-cv-80372-BLOOM/Reinhart

Copies to;

Counsel of record

Carolyn N. Millhorn
2107 N. Dixie Hwy
West Palm, FL 33407